KAROUN DAIRIES INC., a California corporation, Plaintiff—Appellant,

v.

LOS ALTOS FOOD PRODUCTS INC., a California corporation, Defendant,

and

Kradjian Importing Company, Inc., a California corporation, Defendant—Appellee.

No. 03–55011.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 2004.

Decided Aug. 19, 2004.

Marc A. Karlin, Esq., Los Angeles, CA, for Plaintiff–Appellant.

Jonathan C. Stevens, Orange, CA, for Defendant.

Craig D. Aronson, Esq., Christopher J. Battersby, Esq., Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone, Irvine, CA, Vatche Chorbajian, Esq., Vatche Chorbajian Law Offices, Glendale, CA, for Defendant–Appellee.

Before: REINHARDT, CLIFTON, Circuit Judges, and FOGEL, District Judge.*

MEMORANDUM **

Karoun Dairies, Inc. ("Karoun") appeals the district court's summary judgment orders in favor of Kradjian Importing Company, Inc. ("Kradjian"). The district court granted summary judgment to Kradjian on Karoun's claims that Kradjian misappropriated trade secrets regarding a cheese recipe in violation of the California Uniform Trade Secrets Act, CAL. CIV.CODE § 3426, that Kradjian's mark "Byblos California Cheese" infringes Karoun's mark "Karoun's California Cheese" under the Lanham Act, 15 U.S.C. § 1125(a), and that Kradjian's alleged acts of misappropriation and trademark infringement constitute unfair business practices in violation of CAL. BUS. & PROF.CODE § 17200. As the parties are familiar with the facts, procedural history, and arguments, we will not recount them here. We affirm.

We review the district court's grant of summary judgment de novo. *United States v. City of Tacoma,* 332 F.3d 574, 578 (9th Cir.2003). Viewing the evidence in the light most favorable to the non-moving party, we must decide whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.* The district court's grant of summary judgment may be affirmed on any ground supported

by the record. *Simo v. Union of Needletrades,* 322 F.3d 602, 610 (9th Cir.2003).

■ The district court did not err in granting summary judgment to Kradjian on the misappropriation of trade secrets claim. To prevail under § 3426.1, Karoun had the burden of proving that Kradjian used Karoun's trade secret without express or implied consent, and at the time of use, knew or had reason to know that its knowledge of the trade secret was acquired through improper means. Baghdassarian's declaration stated that Karoun "strongly believed" Byblos California Cheese was manufactured at Los Altos Dairies, that he told Kradjian the same, and that later, Kradjian admitted that Byblos California Cheese had been manufactured at Los Altos Dairies. Karlin's declaration stated that Karlin wrote a letter to Kradjian in which it was *alleged* that the cheese Kradjian distributed was manufactured using Karoun's trade secrets.

While a "factual dispute is genuine if a reasonable jury could return a verdict for the non-moving party," *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), it cannot be said that these declarations established a genuine issue of material fact. The declarations did not demonstrate that Kradjian knew or should have known that a product it distributed was manufactured using trade secrets misappropriated from Karoun. Although the Baghdassarian declaration established that Byblos California Cheese was manufactured at the same plant as Karoun's California Cheese, it does not necessarily follow that all cheese produced at Los Altos Dairies was manufactured using trade secrets misappropri-

* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

ated from Karoun. Likewise, the Karlin declaration failed to demonstrate how Karoun knew that its recipe was misappropriated, or why Kradjian should have treated the facts alleged in the letter as true. The unsupported claims of opposing parties and their attorneys do not raise a genuine issue of material fact sufficient to preclude summary judgment. *See Danjaq LLC v. Sony Corp.*, 50 U.S. P.Q.2d 1638, 1639–40 (C.D.Cal.1999) ("[W]here the nonmoving party seeks to rely on inferences drawn from certain facts, not only must the nonmoving party demonstrate a genuine issue as to those underlying facts, but the proposed inferences must amount to more than mere speculation.") (citing *Nelson v. Pima Comm. College*, 83 F.3d 1075, 1081–82 (9th Cir.1996)).

Moreover, those unsupported assertions were contradicted by evidence provided by Kradjian. Kradjian submitted the declaration of Raul Andrade, representative of Los Altos Dairies, which established that Los Altos "never had any business dealing with Kradjian Importing Co.," and never disclosed any of Karoun's trade secrets to Kradjian. The Kradjian declaration stated that it never had any business dealings with Los Altos Dairies, and that it never dealt with any company that misappropriated Karoun's secret recipe.

Fed. R. Civ. P. 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Karoun failed to meet that burden. Accordingly, summary judgment in favor of Kradjian on the trade secrets claim was proper.[1]

■ Nor did the district court err in granting summary judgment to Kradjian on the trademark claim. "The core element of trademark infringement is the likelihood of confusion, i.e., whether the similarity of the marks is likely to confuse customers about the source of the products." *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1290 (9th Cir. 1992). We apply the following factors in determining likelihood of confusion: "(1) strength of the plaintiff's mark; (2) relatedness of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) likely degree of purchaser care; (7) defendant's intent in selecting the mark; (8) likelihood of expansion of the product lines." *White v. Samsung Elecs. America, Inc.*, 971 F.2d 1395, 1400 (9th Cir.1992) (citing *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir.1979)). "Some factors are much more important than others, and the relative importance of each individual factor will be case-specific." *Brookfield Communications, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1054 (9th Cir.1999).

The most important factor in this case—similarity of the marks—clearly weighs in

---

1. Karoun contends for the first time on appeal that the district court erred by failing to acknowledge that Kradjian may have been culpable for the common law tort of aiding and abetting a misappropriation of a trade secret, even if Kradjian was not a direct participant in the misappropriation. To the extent that this argument was not raised below, it fails. *See Nova Designs, Inc. v. Scuba Retailers Ass'n*, 202 F.3d 1088, 1090–91 (9th Cir.2000). Even if we were to consider it, it is unpersuasive. Aiding and abetting liability may be imposed in two situations: (1) if the defendant knows another's conduct constitutes a breach of duty but assists nonetheless; or (2) if the defendant itself breaches a duty to a third person, while assisting another in accomplishing a tort. *See Saunders v. Superior Court*, 27 Cal.App.4th 832, 846, 33 Cal. Rptr.2d 438 (1994). Karoun does not explain what duty Kradjian might have to which party.

Kradjian's favor. *See id.* ("[T]he similarity of the marks [factor] will always be important [and] it is often possible to reach a conclusion with respect to likelihood of confusion after considering only a subset of the factors"); *see also Nabisco, Inc. v. Warner–Lambert Co.*, 220 F.3d 43, 46 (2d Cir.2000) (factor focusing on "similarity of the marks" can be "dispositive and will warrant summary judgment" for the defendant "if the court is satisfied ... that the marks are so dissimilar that no question of fact is presented" (internal quotation marks omitted)). The similarity of marks is assessed "in terms of their sight, sound, and meaning." *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1392 (9th Cir.1993) (citations omitted). Moreover, under the anti-dissection rule, "the validity and distinctiveness of a composite trademark is determined by viewing the trademark as a whole, as it appears in the marketplace." *Id.* The district court correctly found that the initial word found in the parties' marks, "Karoun" and "Byblos," are substantially different in sight and sound. Moreover, "Karoun" and "Byblos" lack any similar meaning. The only words of the marks that are similar are "California Cheese," which Karoun concedes is an unprotectable descriptive phrase that lacks secondary meaning. The trademark as a whole is in no way confusing. Karoun has proffered no evidence that consumers have confused "Karoun's California Cheese" with "Byblos California Cheese." It has only offered hearsay evidence that a single individual presumed that a white, Mediterranean style cheese must have been produced by Karoun. Because no genuine issues of material fact exists regarding a likelihood of consumer confusion between the two marks, the district court did not err in granting summary judgment to Kradjian on the trademark claim.[2]

Finally, because Karoun has not established a genuine issue of material fact on either its trade secret misappropriation or trademark infringement claims, the district court did not err in concluding that Karoun has not established a genuine issue of material fact on any of its derivative claims brought under CAL. BUS. AND PROF. CODE § 17200.

**AFFIRMED.**

---

**2.** Given that we conclude that the viability of Karoun's trademark claim does not hinge on whether its mark possessed secondary meaning, we need not address Karoun's contentions that the district court's ruling on secondary meaning was erroneous or that it violated its due process rights.